1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KATHARYN KALMBACH, individually and on behalf of all others similarly situated, | ) ) ) | Case No. |
| Plaintiff, | ) ) ) | (King County Superior Court Case No. 17-2-03381-2) |
| v. | ) ) | **NOTICE OF REMOVAL** |
| NATIONAL RIFLE ASSOCIATION OF AMERICA, a New York Corporation, and INFOCISION, INC. d/b/a InfoCision Management Corporation, a Delaware Corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendants National Rifle Association of America ("NRA") and InfoCision, Inc. ("InfoCision") hereby remove the above-referenced action from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington, Seattle Division.  Pursuant to 28 U.S.C. § 1446(b)(2)(a), both defendants consent to the removal of this action.

## I.   NATURE AND DESCRIPTION OF CASE

1.   On February 10, 2017, plaintiff Katharyn Kalmbach ("Kalmbach") filed a putative class action Complaint against the NRA and InfoCision in the Superior Court of the State of Washington, King County alleging that the defendants had: (i) violated the Washington

NOTICE OF REMOVAL

Automatic Dialing and Announcing Device Statute (WADAD), R.C.W. § 80.36.400; (ii) violated the Washington Do Not Call Statute (WDNC), R.C.W. § 80.36.390; (iii) violated the Washington Consumer Protection Act (WCPA), R.C.W. § 19.86, *et seq.*; and (iv) invaded Kalmbach's (and the class members') privacy under Washington common law.  As required by LCR 101(b), a true and accurate copy of Kalmbach's Complaint is attached to this Notice as Exhibit A.

2.      Kalmbach alleges that InfoCision made telemarketing calls to Kalmbach and "hundreds or thousands" of other class members in a manner prohibited by Washington statutes and common law for the purpose of soliciting memberships in the NRA.  (Compl., Ex. A, ¶¶ 28, 31, 54.)

3.      Kalmbach seeks to represent two statewide classes:

a.   "[a]ll persons within Washington State who from the last four years prior to the filing of the initial complaint in this case through the present: (1) received a commercial solicitation call from Defendants; (2) through the use of an automatic telephone dialing system and/or prerecorded voice"; and

b.   "[a]ll persons within Washington State who from the last four years prior to the filing of the initial complaint in this case through the present: (1) Defendants (or a third person acting on behalf of Defendants) called on his/her telephone; (2) for the purpose of selling goods and services; and (3) Defendants called again within 12 months after the person indicated to Defendants s/he no longer wished to receive calls from Defendants." (Compl., Ex. A, ¶ 52.)

4.      In addition to declaratory and injunctive relief, Kalmbach seeks actual and/or statutory damages, treble damages under the WCPA, disgorgement, costs, and attorneys' fees. (*Id.* ¶¶ 63, 68, 72, 76 & Prayer for Relief.)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

## II.    JURISDICTION AND BASIS FOR REMOVAL

5.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because:  (1) the matter in controversy is a class action where a member of the putative class is a citizen of a state different from the defendants; (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (3) the number of members of the proposed plaintiff class exceeds 100.  28 U.S.C. § 1332(d), *as amended by* The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4.

6.    This action is removable to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

**A.    This Notice of Removal is timely.**

7.    Kalmbach filed her Complaint in state court on February 10, 2017.  (Compl., Ex. A, at 1.)  Kalmbach served NRA with the Summons and Complaint on February 15, 2017 and served InfoCision on February 24, 2017.

8.    Because this Notice of Removal is being filed within 30 days of the earliest date of service as required by 28 U.S.C. § 1446(b), removal is timely.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

**B.    The case satisfies CAFA's minimal-diversity requirement.**

9.    Kalmbach is a Washington citizen seeking to represent a class of other Washington citizens who received prohibited calls from the defendants.  (Compl., Ex. A, ¶¶ 11, 52.)

10.    The NRA is a not-for-profit corporation organized under the laws of New York, with its principal place of business in Virginia.

11.    InfoCision is a corporation organized under the laws of Delaware with its principal place of business in Ohio.

NOTICE OF REMOVAL - 3 -

12.     Minimal diversity exists because at least one plaintiff and at least one defendant are citizens of different states.  *See* 28 U.S.C. § 1332(d)(2)(A); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("under  CAFA, complete diversity is not required; 'minimal diversity' suffices); *Levy v. Salcor, Inc.*, 2014 WL 775443, at \*1 (W.D. Wash. Feb. 25, 2014) (explaining that minimal diversity is satisfied when "any member of the class of plaintiffs is a citizen of a state different from any defendant").

**C.     The amount in controversy exceeds $5 million.**

13.     According to the Supreme Court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Kalmbach's Complaint easily satisfies this threshold here.

14.     Rather than relying on plaintiff's "actual damages," the Court may consider any applicable statutory damage amount in deciding whether the claims asserted meet the amount-in-controversy requirement under CAFA.  *See Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 (9th Cir. 2011) (considering statutory damages under the TCPA).

15.     Likewise, "[t]he amount in controversy can include both attorneys' fees and treble damages . . . where, as here, they are provided for by statute."  *Kerbs v. Safeco Ins. Co. of Ill.*, No. C11-1642 MJP, 2011 WL 6012497, at \*2 (W.D. Wash. Dec. 1, 2011) (considering removal of WCPA claims under CAFA).

16.     With respect to the "Pre-Recorded Call Class"—that is, all persons within Washington State who received commercial solicitation calls using an automatic dialing system and/or a prerecorded voice during the four-year period preceding the filing of the Complaint (Compl., Ex. A, ¶ 52)—the WADAD and WCPA provide for statutory damages of $500, treble damages, and attorneys' fees.[1]

---

[1] Under the WADAD, a violation of its terms is an automatic violation of the WCPA.  R.C.W. § 80.36.400(3)

NOTICE OF REMOVAL - 4 -

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

17. Within the four-year class period, InfoCision has made over 10,000 calls to phone numbers with Washington area codes on the NRA's behalf. *See* Declaration of Michael White, at ¶ 5, filed herewith. Thus, the defendants' potential exposure to that class alone exceeds the jurisdictional threshold under CAFA.

18. The defendants expressly deny any liability arising out of those calls, and further dispute that InfoCision made any of those calls using an automatic-dialing device or a prerecorded voice, or to individuals who had previously indicated their desire not to receive such calls. But the fact that the defendants disclaim liability does not defeat their showing that the amount *in controversy* exceeds CAFA's $5 million threshold. *See Grant*, 449 F. App'x at 600. In *Grant*, the Ninth Circuit held that proof that the defendant made over 10,000 calls to cellular phone numbers was sufficient to establish that plaintiff's recovery could exceed $5 million in light of the TCPA's $500 statutory damage award, even where—as here—the defendant "fail[ed] to present evidence that it used an automated dialing system in connection with the calls." *Id.* To require the defendant to do so would "effectively require[] that [the defendant] admit liability under the TCPA to remove the case to federal court—a result that is incompatible with" Ninth Circuit precedent. *Id.* (citing *Lewis v. Verizon Comm'cns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)).

19. Based on the foregoing, the amount placed in controversy by Kalmbach's complaint exceeds CAFA's jurisdictional threshold, without accounting for disgorgement, attorneys' fees, punitive damages, or any additional compensatory damages that might be recovered under Kalmbach's invasion-of-privacy claim.

**D.   The proposed class exceeds 100 members.**

20. Kalmbach asserts that although she does not know the exact size of the putative class, it consists of at least "hundreds or thousands" of Washington citizens who received prohibited calls from the defendants. (Compl., Ex. A, ¶ 52.)

NOTICE OF REMOVAL - 5 -

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

21.     Kalmbach has thus admitted that her class exceeds CAFA's 100-member threshold.

### III.     INTRADISTRICT ASSIGNMENT

22.     Pursuant to Local Civil Rule 101(e), the Seattle Division is the appropriate venue for these proceedings for the following reasons:

   a.   Kalmbach resides in King County, Washington.  (Compl., Ex. A, ¶ 11.)

   b.   According to the Complaint, both the NRA and InfoCision conduct business throughout King County, Washington.  (*Id.* ¶¶ 12–13.)

   c.   Kalmbach received the calls at issue on her landline telephone in King County, Washington.  (*Id.* ¶¶ 11, 42.)

   d.   Kalmbach filed her Complaint in King County, Washington.  (*Id.*)

### IV.     NOTICE

23.     Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice of the filing of this Notice of Removal to all parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

### V.     JURY DEMAND

24.     NRA and InfoCision hereby preserve their rights to request a trial by jury.

### VI.     EXHIBITS TO NOTICE OF REMOVAL

25.     Pursuant to Rule 101(b) of the Local Civil Rules, the following exhibits to the Declaration of Curt Roy Hineline, filed herewith, constitute all records and pleadings filed in the state court proceeding to date:

   a.   Complaint (attached as Exhibit A);

   b.   Case Information Cover Sheet  (attached as Exhibit B);

   c.   Case Schedule (attached as Exhibit C);

   d.   Notice of Appearance of Curt Hineline and James Morrison for the NRA (attached as Exhibit D);

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

     e.   Notice of Appearance of Curt Hineline and James Morrison for InfoCision (attached as Exhibit E);

     f.   Affidavit/Declaration of Service to the NRA (attached as Exhibit F); and

     g.   Affidavit/Declaration of Service to InfoCision (attached as Exhibit G).

## VII.   CONCLUSION

For the reasons stated above, Defendants NRA and InfoCision hereby remove this lawsuit to this Court. This Court has jurisdiction over this action, and it should be entered on the docket for further proceedings as though this action had been originally instituted in this Court.

DATED this 13th day of March 2017.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/Curt Roy Hineline*
*/s/James R. Morrison*
Curt R. Hineline, WSBA #16317
James R. Morrison, WSBA #43043
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Tel: (206) 332-1380
Fax: (206) 624-7317
E-mail: chineline@bakerlaw.com
       jmorrison@bakerlaw.com

Terry M. Brennan (*Pro Hac Vice* Forthcoming)
Michael D. Meuti (*Pro Hac Vice* Forthcoming)
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: (216) 621-0200
Fax: (216) 696-0740
E-mail: tbrennan@bakerlaw.com
       mmeuti@bakerlaw.com

***Attorneys for Defendants National Rifle Association of America and InfoCision, Inc.***

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2017, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kim D. Stephens                          Steven L. Woodrow
Chase Christian Alvord                   Patrick H. Peluso
Tousley Brain Stephens PLLC              Woodrow & Peluso, LLC
1700 7th Avenue, Suite 2200              3900 E. Mexico Avenue, Suite 300
Seattle, WA 98101-4416                   Denver, CO 80210
Tel: (206) 667-0249                      Tel: (720) 213-0675
Fax: (206) 682-2992                      Fax: (303) 927-0809
kstephens@tousley.com                    swoodrow@woodrowpeluso.com
calvord@tousley.com                      ppeluso@woodrowpeluso.com

Stefan Coleman
Adam T. Savett
Law Offices of Stefan Coleman, P.S.
201 S. Biscayne Blvd., 28th Floor
Miami, FL 33131
Tel: (877) 333-9427
Fax: (888) 498-8946
law@stefancoleman.com
adam@stefancoleman.com

*Attorneys for Plaintiff Katharyn Kalmbach*

                                         *s/Serita Smith*
                                         Serita Smith
                                         Assistant to Curt Roy Hineline and
                                         James Morrison

NOTICE OF REMOVAL - 8 -