FILED
17 FEB 10 PM 12:59

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-03381-2 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| KATHARYN KALMBACH, individually and on behalf of all others similarly situated, <br><br> Plaintiff <br><br> v. <br><br> NATIONAL RIFLE ASSOCIATION OF AMERICA, a New York corporation, and INFOCISION, INC. d/b/a InfoCision Management Corporation, a Delaware corporation <br><br> Defendants | NO. <br><br> **CLASS ACTION COMPLAINT** |

Plaintiff Katharyn Kalmbach ("Kalmbach" or "Plaintiff") brings this Class Action Complaint ("Complaint") against Defendants National Rifle Association of America, New York corporation ("NRA"), and InfoCision, Inc., a Delaware corporation, d/b/a InfoCision Management Corporation ("InfoCision" and together with NRA, "Defendants") to: (1) stop their practice of placing telemarketing calls using an "automatic telephone dialing system" ("ATDS") and/or using "a pre-recorded voice" to call the cellular and landline telephones of consumers in Washington without their prior express consent, (2) stop their practice of calling Washington residents who have asked to be placed on a do not call list, (3) enjoin Defendants from continuing to place such calls to consumers, and (4) obtain redress for all persons injured by their conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to her acts

CLASS ACTION COMPLAINT – 1
6291.001/367436

and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## I. NATURE OF THE ACTION

1. Defendant NRA is a membership organization focused on firearms education, training, and advocacy.

2. Defendant InfoCision is the nation's second-largest privately held teleservices company. InfoCision provides inbound and outbound call center solutions, direct mail and fulfillment services, and other direct marketing solutions to Fortune 100 companies and nonprofit organizations.

3. Unfortunately for consumers, Defendants' aggressive attempts to sell memberships and solicit contributions involves an unlawful telemarketing campaign through which they make, or have their agents make on their behalf and with their knowledge, autodialed and/or pre-recorded calls to telephone numbers listed on the National Do Not Call Registry and to other consumers using this technology.

4. By making the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendants also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes, in addition to the invasion of privacy and nuisance of having to answer such unsolicited calls.

5. In response to Defendants' unlawful conduct, Plaintiff brings this action for violations of the Washington Do Not Call Statute ("WDNC"), RCW 80.36.390, the Washington Automatic Dialing and Announcing Device Statute ("WADAD"), RCW 80.36.400, the

CLASS ACTION COMPLAINT – 2
6291.001/367436

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Washington Consumer Protection Act ("WCPA"), RCW 19.86 *et seq.*, and for invasion of privacy by intrusion against Defendants and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities.

6. Plaintiff seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Classes under the WDNC, WADAD and WCPA, together with costs and reasonable attorneys' fees.

## II.   JURISDICTION AND VENUE

7. This Court has jurisdiction over all causes of action asserted herein under RCW 2.08.010.

8. The Court has jurisdiction over Defendants pursuant to RCW 4.28.185 because Defendants transacted business and committed tortious acts in the State of Washington.

9. Venue is proper in this Court pursuant to RCW 4.12.020(1) because Plaintiff seeks to recover a monetary penalty imposed by RCW 19.86.090 and her cause of action arose in King County, Washington. Venue is also proper in this Court pursuant to RCW 4.12.025(1) because Defendants transact business in King County, Washington.

10. This action is timely filed within the limits prescribed by all statutes of limitations and repose.

## III.   PARTIES

11. Plaintiff Katharyn Kalmbach is a natural person and citizen of the State of Washington, residing in King County.

12. Defendant NRA is a corporation incorporated and existing under the laws of the State of New York with its headquarters located at 11250 Waples Mill Road, Fairfax, Virginia 22030. Defendant NRA is registered to conduct business with the Washington Secretary of State under Unified Business Identifier (UBI) number 601441332. NRA may be served through its registered agent, Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater,

CLASS ACTION COMPLAINT – 3
6291.001/367436

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Washington 98501. Defendant NRA, both directly and through various subsidiaries and affiliates, conducts business throughout King County, the State of Washington, and the United States.

13. Defendant InfoCision is a corporation incorporated and existing under the laws of the State of Delaware with its headquarters located at 325 Springside Drive, Akron, Ohio 44333. Defendant InfoCision is registered to conduct business with the Washington Secretary of State as a Commercial Fundraiser.[1] InfoCision may be served through its registered agent, Steve Brubaker, 325 Springside Drive, Akron, Ohio 44333. Defendant InfoCision conducts business throughout King County, the State of Washington, and the United States.

### IV. SERVICE ON ATTORNEY GENERAL

14. Counsel for Plaintiff has caused a copy of this initial pleading to be served on the Attorney General of Washington in accordance with RCW 19.86.095.

### V. THE WASHINGTON AUTOMATIC DIALING AND ANNOUNCING DEVICE STATUTE (WADAD), RCW 80.36.400

15. In 1986, the Washington State Legislature enacted the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400. As defined by the statute, "[a]n automatic dialing and announcing device is a device which automatically dials telephone numbers and plays a recorded message once a connection is made." *See* RCW 80.36.400(1)(a).

16. The WADAD makes it unlawful for any person to use an automatic dialing and announcing device "for purposes of commercial solicitation" and "applies to all commercial solicitation intended to be received by telephone consumers within the state" of Washington. *See* RCW 80.36.400(2).

17. A violation of the WADAD is a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA"). *See* RCW 80.36.400(3).

---

[1] *See* https://www.sos.wa.gov/charities/search-app.aspx#/detail-cfr/66

CLASS ACTION COMPLAINT – 4
6291.001/367436

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## VI. THE WASHINGTON DO NOT CALL ("WDNC") STATUTE, RCW 80.36.390

18. Enacted contemporaneously with the WADAD statute, the WDNC requires commercial or nonprofit companies making telephone solicitations to identify themselves within the first thirty seconds of a commercial solicitation telephone call.

19. The WDNC prohibits telephone solicitation for one year after the called party indicates she does not wish to be called again by the company or organization or wants her name and individual telephone number removed from the lists used by the company making the telephone solicitation.

20. The WDNC statute also prohibits the company or organization making the telephone solicitation from selling or giving the called party's name and telephone number to another company or organization.

21. A person aggrieved by repeated violations of the WDNC may bring an action for injunction and damages and the Court shall award at least $100 for each individual violation, plus reasonable attorneys' fees and costs of suit.

## VII. FACTUAL ALLEGATIONS

**A.   General Factual Allegations**

22. Defendant NRA is a membership organization focused on firearms education, training, and advocacy.

23. The NRA has a sister organization, The NRA Foundation, which *is* a 501(c)(3) charitable organization, organized and existing under the laws of the District of Columbia.[2]

24. This is an important distinction, as the unsolicited telemarketing calls complained of herein were made on behalf of the NRA, *not* The NRA Foundation.

25. Indeed, in the most recent Commercial Fundraiser Activity Report released by the Charities Program of the Washington Secretary of State, only the NRA appears as working with a

---

[2] *See* https://www.nrafoundation.org/

CLASS ACTION COMPLAINT – 5
6291.001/367436

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

commercial fundraiser, Defendant InfoCision.[3]

26. Unfortunately for consumers, Defendant NRA, on its own and/or through its agents such as Defendant InfoCision, has turned to a tried and true, albeit unlawful, method of recruiting new members: unsolicited telemarketing.

27. Defendants place unsolicited autodialed and/or pre-recorded telemarketing calls to consumers.

28. Specifically, Defendant InfoCision on behalf of Defendant NRA, places thousands of outbound telemarketing calls each day to consumers nationwide. These calls are made for the express purpose of soliciting the call recipients to purchase memberships or other products from or through Defendant NRA. Many of these calls are placed to numbers that are listed on the National Do Not Call Registry.

29. As specifically noted on the membership application portion of the NRA's website: [4]



---

[3] *See* https://www.sos.wa.gov/_assets/charities/FundraiserReport.pdf
[4] *See* https://joinnra.nra.org/join/join.aspx

CLASS ACTION COMPLAINT – 6
6291.001/367436

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

30. Thus, the NRA has explicitly acknowledged that they receive funds from the public in three distinct manners – dues paying memberships, non-tax deductible contributions, and outright gifts.

31. The unsolicited telemarketing calls complained of herein were made to solicit memberships in the NRA.

32. NRA memberships come with benefits outlined on the membership application portion of the NRA's website:[5]



33. These "member benefits" [6] are further described on the NRA's website:

- A "choice of subscription to American Rifleman, American Hunter, or America's 1st Freedom" magazines;

- "$5,000 of Accidental Death and Dismemberment coverage;"

- "$2,500 of ArmsCare coverage with your NRA membership. This plan covers insured firearms, air guns, bows and arrows against theft, accidental loss, and damage;" and

---

[5] *See* https://joinnra.nra.org/join/join.aspx
[6] *See* https://www.nramemberservices.org/members/benefits/benefits.aspx

CLASS ACTION COMPLAINT – 7
6291.001/367436

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

- "An official NRA Membership ID card."

34. The NRA memberships thus clearly constitute "property, goods, or services" within the meaning of RCW 80.36.390(1) and RCW 80.36.400(1)(b).

35. The calls made by Defendant InfoCision on behalf of Defendant NRA clearly constitute "soliciting donations of money, property, goods, or services" within the meaning of RCW 80.36.390(1) and were made for the express purpose of "encouraging a person to purchase property, goods, or services" within the meaning of RCW 80.36.400(1)(b).

36. Thus the calls made by Defendant InfoCision on behalf of Defendant NRA clearly constitute a "telephone solicitation" under RCW 80.36.390(1) or a "commercial solicitation" under RCW 80.36.400(1)(b).

37. Moreover, as explicitly noted by the NRA, "membership dues made or paid to the National Rifle Association of America…are not deductible as charitable contributions for Federal income tax purposes."[7]

38. Not surprisingly, consumers have repeatedly spoken out against Defendants' pervasive and widespread telemarketing practices:

---

[7] *See* https://joinnra.nra.org/join/join.aspx

CLASS ACTION COMPLAINT – 8
6291.001/367436

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

- Received calls daily from IMC 512-640-8253. When called back answers National Rifle Association. No way to get off their list.[8]

- Calling daily for months from several numbers. Calls blocked but still harassing.[9]

- Says IMC....calling every day, several times a day, 4 rings, no message.[10]

- Calls several times and caller id =IMC, I called back and got a message that it was the National Rifle Association and they welcome my call back and they would be calling me again.[11]

- The caller ID says "IMC"......I don't pick-up the phone, and they don't leave a message. They've called too many times to count now.[12]

- It is from a company that the NRA hires to call people to solicit donations which they keep a chunk of and give a percentage to the NRA, I found this out when I called their (The NRA) main headquarters and talk to one of the people in the membership office, he asked me what the number was and when I gave it to him he confirmed that they hire this company's and others that specialize in calling members and non members, After he told me this last year I told him in no uncertain terms that when we joined the NRA nothing was ever said about them giving our names and phone numbers to every moocher in the United States so we would be harassed around the clock for money and to get our vote.[13]

- Someone called me from this number. My number is on the do not call list.[14]

- I have been receiving numerous phone calls also, but I am not a NRA member, but have gotten newsletters from them because of subscribing to Conservative newsletters etc. When we answer the phone we get no answer. This is really getting annoying. Either it's a mistake or it's harassment.[15]

39. In making the phone calls at issue in this Complaint, Defendants and/or their agents utilized an ATDS. Specifically, the hardware and software used by Defendants (or their

---

[8] http://800notes.com/Phone.aspx/1-512-640-8253
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] http://800notes.com/Phone.aspx/1-888-202-2385/3
[14] http://800notes.com/Phone.aspx/1-877-210-3463/4
[15] http://www.complaintsboard.com/complaints/national-rifle-association-nra-c10314.html

CLASS ACTION COMPLAINT – 9
6291.001/367436

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

agents) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

40.     Defendants knowingly made (and continue to make) unsolicited autodialed and pre-recorded calls and knowingly continued after requests to stop. As such, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the WADAD.

### B.     **Plaintiff Kalmbach's Experience with Defendant**

41.     Plaintiff Kalmbach registered her landline telephone with the National Do Not Call Registry on November 9, 2007, for the express purpose of avoiding unsolicited telemarketing calls.

42.     Beginning in July 2016, Plaintiff Kalmbach began to receive daily unsolicited pre-recorded calls on her landline telephone placed by Defendant InfoCision on behalf of Defendant NRA using phone number 425-405-6193. The pre-recorded message would state that the call was intended for a woman that is not known by Plaintiff Kalmbach.

43.     When the calls continued to be received each day, Plaintiff Kalmbach grew frustrated and eventually pressed the button indicated by the pre-recorded message to proceed with the call as if she was the intended potential customer. This then brought on another pre-recorded message encouraging membership sales and general support for Defendant NRA. Plaintiff Kalmbach was prompted to press a button to get a membership, or another button to get additional information. She pressed both, but she was unable to get a live agent on the telephone in order to ask them to stop calling.

44.     When her attempts to reach a live agent were unsuccessful through the calls she was receiving, Plaintiff called the NRA using telephone number 425-405-6193 to indicate her desire that the calls stop.

45.     Despite indicating that she did not want to be called, Plaintiff received numerous

CLASS ACTION COMPLAINT – 10
6291.001/367436

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

unsolicited pre-recorded calls during a three week period placed by Defendant InfoCision on behalf of Defendant NRA.

46. The calls to Plaintiff Kalmbach were explicitly made to solicit the purchase or renewal of an NRA membership.

47. Plaintiff Kalmbach is not and has never been a member of the NRA.

48. By making unauthorized pre-recorded calls as alleged herein, Defendants have caused consumers actual harm. In the present case, a consumer could be subjected to many unsolicited pre-recorded calls.

49. To redress these concrete and particularized harms, Plaintiff Kalmbach, on behalf of herself and classes of similarly situated individuals, brings suit under the WDNC, WADAD and WCPA, which prohibit unsolicited calls of the nature described in this Complaint.

50. On behalf of the Classes, Plaintiff Kalmbach seeks an injunction requiring Defendants to cease all unsolicited calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## VIII.   CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action individually and on behalf of all other persons similarly situated ("Class Members").

52. <u>Class Definitions.</u> Pursuant to Civil Rule 23(b)(2) or (b)(3), Plaintiff brings this action as a class action on behalf of two Classes of persons defined as follows:

> **Washington State Pre-Recorded Call Class**: All persons within Washington State who from the last four years prior to the filing of the initial complaint in this case through the present: (1) received a commercial solicitation call from Defendants; (2) through the use of an automatic telephone dialing system and/or prerecorded voice.
>
> **Washington State Do Not Call Class**: All persons within Washington State who from the last four years prior to the filing of the initial complaint in this case through the present: (1) Defendants (or a third person acting on behalf of Defendants) called on his/her telephone; (2) for the purpose of selling goods and services; and (3) Defendants called again within 12 months after the person indicated to Defendants that s/he no longer wished to receive calls from Defendants.

CLASS ACTION COMPLAINT – 11
6291.001/367436

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

53. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

54. **Numerosity**: The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have placed unsolicited calls to hundreds or thousands of consumers who fall into the definition of the Classes. Members of the Classes can be identified through Defendants' records.

55. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes in that Plaintiff and the members of the Classes sustained damages arising out of Defendants' uniform wrongful conduct. Plaintiff is a member of the Classes defined herein, and if Plaintiff is able to recover for the claims set forth in this Complaint, then the other Class Members will have a right to recover as well.

56. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions, including class actions under state and federal telecommunications regulations, such as the TCPA and WADAD. Plaintiff has no conflicts with or interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff.

57. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes

CLASS ACTION COMPLAINT – 12
6291.001/367436

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

include, but are not necessarily limited to the following:

    (a) Whether Defendants utilized an automatic telephone dialing system to place commercial solicitation calls to members of the Classes;

    (b) Whether Defendants' conduct constitutes a violation of the WADAD;

    (c) Whether Defendants' conduct constitutes a violation of the WDNC;

    (d) Whether members of the Classes are entitled to statutory and treble damages based on the willfulness of Defendants' conduct;

58. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CLAIM FOR RELIEF**
**Washington Automatic Dialing and Announcing Device Statute**
**(Violations of RCW 80.36.400 *et seq.*)**
**(On Behalf of Plaintiff and the Washington State Pre-Recorded Call Class)**

59. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

60. At all times material hereto, Defendants used an automatic dialing and announcing device ("ADAD") as defined in RCW 80.36.400(1)(a).

CLASS ACTION COMPLAINT – 13
6291.001/367436

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

61. Defendants placed the telephone calls, which were commercial solicitations made for the purpose of encouraging Plaintiff and the other members of the Washington State Pre-recorded Call Class to purchase Defendants goods and services, namely memberships in Defendant NRA, to Washington State.

62. Defendants and/or their agents have continually and repeatedly violated RCW 80.36.400(2) by using ADADs to leave recorded messages for the purpose of encouraging Plaintiff Kalmbach and the Washington State Pre-recorded Call Class to purchase memberships in Defendant NRA.

63. As a result of Defendants' and/or their agents violations of RCW 80.36.400(2), Plaintiff Kalmbach and the Washington State Pre-recorded Call Class are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to RCW 80.36.400(3).

**SECOND CLAIM FOR RELIEF**
**Washington Do Not Call Statute**
**(Violations of RCW 80.36.390 *et seq.*)**
**(On Behalf of Plaintiff and the Washington State Do Not Call Class)**

64. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

65. Defendants placed the telephone calls described in this complaint, which were telephone solicitations made for the purpose of encouraging Plaintiff and the other members of the Washington State Do Not Call Class to purchase Defendants goods and services, namely memberships in Defendant NRA, to Washington State.

66. Defendants placed unsolicited and unwanted calls to telephone numbers belonging to Plaintiff Kalmbach and other members of the Washington State Do Not Call Class within 12 months after the person had indicated to Defendants that s/he no longer wished to receive calls from Defendants.

67. Defendants and/or their agents have thus continually and repeatedly violated RCW 80.36.390(1) by initiating telephone calls to residential telephone customers for the purpose of

CLASS ACTION COMPLAINT – 14
6291.001/367436

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

encouraging Plaintiff Kalmbach and the Washington State Do Not Call Class to purchase property, goods, or services, in the form of memberships in Defendant NRA.

68. As a result of Defendants' and/or their agents violations of RCW 80.36.390(1), Plaintiff Kalmbach and the Washington State Unsolicited Call Class are entitled to an award of at least $100 in statutory damages for each and every call in violation of the statute, pursuant to RCW 80.36.390(6). Plaintiff Kalmbach and the other Washington State Unsolicited Call Class members are additionally entitled to costs and attorneys' fees as provided by RCW 80.36.390(6).

**THIRD CLAIM FOR RELIEF**
**Washington Consumer Protection Act**
**(Violation of RCW 19.86 *et seq.*)**
**(On Behalf of Plaintiff and the Washington State Pre-recorded Call Class)**

69. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

70. Pursuant to RCW 80.36.400(3), which provides that a violation of RCW 80.36.400 constitutes a violation of the Washington State Consumer Protection Act, RCW 19.86, *et seq.*, Defendants and/or their agents have continually and repeatedly violated the WCPA by using ADADs to leave recorded messages for the purpose of encouraging Plaintiff Kalmbach and the Washington State Pre-recorded Call Class to purchase memberships in Defendant NRA.

71. The unsolicited telemarketing calls were made to Washington State.

72. As a direct result of Defendants' conduct, Plaintiff Kalmbach and the other Washington State Pre-recorded Call Class members suffered damages, including $500 in statutory damages for each and every call in violation of the WADAD. The full amount of damages will be proven at trial. Plaintiff Kalmbach and the other members of the Washington State Pre-recorded Call Class are additionally entitled to treble damages, civil penalties, and costs and attorneys' fees as provided by RCW 19.86.090.

73. Under the WCPA, Plaintiff Kalmbach and members of the Washington State Pre-recorded Call Class are also entitled to, and do seek, injunctive relief prohibiting Defendants from

CLASS ACTION COMPLAINT – 15
6291.001/367436

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

violating the WCPA in the future.

### FOURTH CLAIM FOR RELIEF
### (Invasion of Privacy by Intrusion under Washington Law)
### (On Behalf of Plaintiff and the Washington State Unsolicited Call Class)

74. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

75. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of invasion of privacy by intrusion into Class members' solitude, seclusion, or private affairs under Washington law.

76. As a direct result of Defendants' intrusions of privacy, Plaintiff Kalmbach and members of the Washington State Unsolicited Call Class are each entitled to damages for each and every invasion of privacy by intrusion.

## IX.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Katharyn Kalmbach, on behalf of herself and the Classes, prays for the following relief:

1. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Kalmbach as the representative of the Classes and appointing her attorneys' as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, all to be paid into a common fund for the benefit of the Plaintiff and the other Washington State Pre-recorded Call Class Members;

3. An award of actual monetary loss from such violations or the sum of one hundred dollars ($100.00) for each violation, whichever is greater, all to be paid into a common fund for the benefit of the Plaintiff and the other Washington State Do Not Call Class Members;

CLASS ACTION COMPLAINT – 16
6291.001/367436

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

4. An order declaring that Defendants' actions, as set out above, violate the WDNC, WADAD and WCPA;

5. A declaratory judgment that Defendants' telephone calling equipment constitutes an automatic dialing and announcing device under the WADAD;

6. An order requiring Defendants to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

7. An order requiring Defendants to identify any third-party involved in the autodialed and/or pre-recorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

8. An injunction requiring Defendants to cease all unsolicited autodialed and/or prerecorded calling activities, and otherwise protecting the interests of the Classes;

9. An injunction prohibiting Defendants from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

10. An injunction prohibiting Defendants from contracting with any third-party for marketing purposes until they establish and implement policies and procedures for ensuring the third-party's compliance with the WDNC and WADAD;

11. An injunction requiring Defendants to cease all unsolicited calling activities, and otherwise protecting the interests of the Classes;

12. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

13. Leave to amend these pleadings to conform to the evidence produced at trial; and

14. Such other and further relief that the Court deems reasonable and just.

CLASS ACTION COMPLAINT – 17
6291.001/367436

Dated: February 10, 2017

                              TOUSLEY BRAIN STEPHENS PLLC

By: */s/ Kim D. Stephens*
    Kim D. Stephens, WSBA #11984
    Email: kstephens@tousley.com
    Chase C. Alvord, WSBA #26080
    Email: calvord@tousley.com
    1700 Seventh Avenue, Suite 2200
    Seattle, WA 98101
    Tel: (206) 682-5600
    Fax: (206) 682-2992

    Steven L. Woodrow
    (swoodrow@woodrowpeluso.com)*
    Patrick H. Peluso
    (ppeluso@woodrowpeluso.com)*
    Woodrow & Peluso, LLC
    3900 East Mexico Ave., Suite 300
    Denver, Colorado 80210
    Telephone: (720) 213-0675
    Facsimile: (303) 927-0809

    Stefan Coleman
    (Law@stefancoleman.com)*
    Adam T. Savett
    (adam@stefancoleman.com)
    Law Offices of Stefan Coleman, P.A.
    201 S Biscayne Blvd., 28th Floor
    Miami, Florida 33131
    Telephone: (877) 333-9427
    Facsimile: (888) 498-8946

*Counsel for Plaintiff and the Putative Classes*

**pro hac vice* admission to be filed*

CLASS ACTION COMPLAINT – 18
6291.001/367436

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992