THE HONORABLE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHARYN KALMBACH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA, a New York Corporation, and INFOCISION, INC. d/b/a InfoCision Management Corporation, a Delaware Corporation,<br><br>Defendants. | Case No. 2:17-cv-00399-JPD<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26(f), Plaintiff Katharyn Kalmbach, Defendant National Rifle Association of America ("NRA"), and Defendant InfoCision, Inc. ("InfoCision") provide the following joint status report.

**1.      Statement of the Case.**

Plaintiff Katharyn Kalmbach has filed the instant putative class action challenging the Defendants' alleged: (i) violations of the Washington Automatic Dialing and Announcing Device Statute (WADAD), R.C.W. § 80.36.400; (ii) violations of the Washington Do Not Call Statute (WDNC), R.C.W. § 80.36.390; (iii) violations of the Washington Consumer Protection Act (WCPA), R.C.W. § 19.86, et seq.; and (iv) invasions of Kalmbach's (and the class members') privacy rights under Washington common law.

InfoCision is a private teleservices company that provides inbound and outbound call call-center services to corporations and other organizations. The NRA is a nonprofit advocacy organization that contracts with InfoCision to make calls to recruit members and to solicit donations that help fund the NRA's education and outreach programs. Kalmbach alleges that InfoCision made calls to her phone number using an automatic dialing and announcing device and a pre-recorded voice in violation of the WADAD and WCPA. Kalmbach alleges that InfoCision also violated the WDNC by calling her even after she requested that NRA remove her from its calling list.

Defendants have moved to dismiss Kalmbach's claims asserting that Kalmbach: (1) lacks standing to recover under the WADAD; (2) fails to adequately allege that InfoCision used an automatic dialing and announcing device to call her; (3) wasn't subjected to a "commercial solicitation" under the WADAD; (4) fails to allege the occurrence of a "conversation" under the WDNC; (5) fails to state a cognizable claim for invasion of privacy; and (6) fails to allege facts to support holding the NRA vicariously liable for InfoCision's alleged conduct. Plaintiff responded to Defendants' Motion to Dismiss on June 5, 2017. (Dkt. 29.) Defendants filed a Reply on June 9, 2017 (Dkt. 30.)

**2.     Proposed Deadline for Joining Additional Parties.**

The parties agree that additional parties will be joined by July 1, 2017.

**3.     Consent to a Magistrate.**

No.

**4.     Discovery Plan.**

   **A.     Initial Disclosures.**

The parties have agreed to exchange initial disclosures on or before July 5, 2017.

   **B.     Subjects, Timing, and Phasing of Discovery.**

The parties anticipate discovery concerning the following topics: records of phone calls made by InfoCision to Plaintiff and members of the putative class; InfoCision's call lists;

InfoCision's dialing technology; Defendants' records of consent and requests not to be called; Defendants' processes for screening and removing phone numbers from call lists; the relationship between InfoCision and NRA; NRA's membership recruitment and fundraising efforts; Plaintiff's alleged damages; connections between Plaintiff and other putative class members and the NRA or InfoCision; class certification; and any expert opinions proffered by either party.

The parties do not believe that discovery should be conducted in phases. Defendants, however, propose that all discovery—other than each party's initial disclosures—be stayed until the Court rules on Defendants' motion to dismiss. As discussed more fully in that motion, Defendants contend that Plaintiff's claims fail as a matter of law, and a favorable ruling on that motion could eliminate or significantly reduce the amount of discovery necessary in this case. Plaintiff opposes Defendants' request to stay discovery in light of her opposition to Defendants' Motion to Dismiss.

As to the timing of discovery, Plaintiff proposes the following tentative schedule:

| Event | Proposed Date |
| --- | --- |
| Fact Discovery Cutoff | February 1, 2018 |
| Initial Expert Reports Due | March 1, 2018 |
| Rebuttal Expert Reports Due | April 1, 2018 |
| Expert Discovery Cutoff | May 1, 2018 |
| Deadline for Motion for Class Certification | June 15, 2018 |
| Deadline for Dispositive Motions | September 30, 2018 |
| Trial Date | February 28, 2019 |

Defendants, however, believe that discovery deadlines should be based on the Court's ruling on Defendants' motion to dismiss, and therefore propose the following tentative schedule:

| Event | Proposed Date |
|---|---|
| Fact Discovery Cutoff | 240 days following Court's order on Defendants' motion to dismiss |
| Initial Expert Reports Due | 30 days following the fact discovery cutoff |
| Rebuttal Expert Reports Due | 30 days following the initial expert report deadline |
| Expert Discovery Cutoff | 30 days following the rebuttal expert report deadline |
| Deadline for Motion for Class Certification | 45 days following the expert discovery cutoff |
| Deadline for Dispositive Motions | 60 days following a ruling on Plaintiff's motion for class certification |
| Trial Date | 90 days following a ruling on any dispositive motions |

The parties reserve the right to move the Court to modify the above schedule should it become necessary to do so.

**C.     Electronically Stored Information (ESI).**

The parties have reported that they are taking reasonable steps to preserve potentially relevant ESI in their possession. The parties have agreed to negotiate in good faith to prepare a mutually acceptable ESI agreement based on the Court's Model Agreement Regarding Discovery of Electronically Stored Information, which the parties will subsequently file with the Court.

**D.     Privilege Issues.**

The parties have agreed to negotiate in good faith to prepare a mutually acceptable protective order that contains provisions dealing with the production of privileged materials in discovery, which the parties will subsequently file with the Court.

E. **Limitations on Discovery.**

The parties do not anticipate the need for any changes or limitations on discovery at this time, but reserve the right to seek such limitations in the future should the need arise.

F. **Other Discovery Orders.**

The parties anticipate the need for an order approving the parties' ESI agreement and a protective order to govern the production of privileged materials and the use of information in discovery designated as "confidential," both of which the parties will subsequently file with the Court.

5. **Responses to Local Rule 26(f)(1).**

A. **Potential for Early Resolution.**

The parties have conducted preliminary settlement discussions, but are unlikely to resolve the case prior to a ruling on the Defendants' pending motion to dismiss.

B. **Alternative Dispute Resolution.**

At this time, the parties have not agreed to participate in the alternative dispute resolution program contemplated by Local Rule 39.1. The parties have agreed to reconsider participating in the alternative dispute resolution program following the Court's rulings on dispositive motions and/or class certification.

C. **Related Cases.**

On behalf of other clients, counsel for Plaintiff has filed a putative class action against InfoCision and NRA in the United States District Court for the Eastern District of Virginia (*Orr v. National Rifle Association of America, et al.*, Case No. 1:17-cv-00157-GBL-MSN) alleging violations of the Telephone Consumer Protection Act (TCPA), which is currently stayed pending the D.C. Circuit's ruling on the validity of a Federal Communications Commission order that expands the definition of an "automatic telephone dialing system" under the TCPA. That case involves different named plaintiffs but the same defendants.  It also involves TCPA claims, not Washington State-law claims (though the TCPA and Washington claims are similar).

**D.   Discovery Management.**

The parties do not anticipate the need for any changes or limitations on discovery at this time, but reserve the right to seek such limitations in the future.

The parties will meet and confer regarding all discovery disputes as required by Local Rule 37, and—if the parties cannot resolve the dispute—agree to mutually decide whether to submit the dispute to the Court by motion under Local Rule 7(d) or through the expedited joint motion procedure contemplated by Local Rule 37(a)(2).

Third-party discovery will likely be limited, but the parties agree to share information obtained through third-party discovery, and will revisit the need for a cost-sharing agreement with respect to third-party discovery should the need arise.

The parties agree to revisit the need for discovery conferences, case management conferences, or settlement conferences should the need arise.

**E.   Anticipated Discovery.**

See paragraph 4.B above.

**F.   Phasing Motions.**

See paragraph 4.B above.

**G.   Preservation of Discoverable Information.**

The parties have reported that they are taking reasonable steps to preserve and collect potentially relevant information, evidence, and documents in their possession, including ESI.

**H.   Privilege Issues.**

See paragraph 4.D above.

**I.   Model Protocol for Discovery of ESI.**

The parties anticipate that this case will involve the production of ESI, and have agreed to negotiate in good faith to prepare a mutually acceptable ESI agreement based on the Court's Model Agreement Regarding Discovery of Electronically Stored Information, which the parties will subsequently file with the Court.

     **J.**    **Alternatives to the Model Protocol for Discovery of ESI.**

     See paragraph 5.I above.

**6.**    **Discovery Deadlines.**

     See paragraph 4.B above.

**7.**    **Bifurcation.**

     The parties agree that neither discovery nor trial in this case should be bifurcated.

**8.**    **Pretrial Statements and Pretrial Order.**

     At this time, the parties have not agreed to dispense with the pretrial statements and pretrial order contemplated by Local Rules 16(e), (h), (i), and (k), and 16.1. The parties agree to revisit this issue at a later date.

**9.**    **ADR Options.**

     At this time, the parties have not agreed to participate in the alternative dispute resolution program contemplated by Local Rule 39.1. The parties have agreed to reconsider participating in the alternative dispute resolution program following the Court's rulings on dispositive motions and/or class certification.

     The parties have not agreed to the individualized trial program contemplated by Local Rule 39.2.

**10.**    **Suggestions for Shortening or Simplifying the Case.**

     At this time, the parties do not have any further suggestions for shortening or simplifying this case.

**11.**    **Trial Date.**

     The parties propose that a trial date be set at a subsequent scheduling conference

**12.**    **Jury or Non-Jury Trial.**

     Neither party has requested a jury trial in this matter.

**13.**    **Number of Trial Days.**

     The parties believe that a trial will require approximately five days to complete.

**14. Contact Information for Counsel.**

The names, addresses, and telephone numbers of all trial counsel are listed below as undersigned counsel.

**15. Scheduling Conflicts for Trial.**

At this time, counsel is not aware of any conflicts that would interfere with scheduling a trial date in this matter.

**16. Service.**

Plaintiff has completed service on both Defendants.

**17. Scheduling Conference.**

The parties wish to hold a scheduling conference before the Court enters a scheduling order in this case.

**18. Disclosure Statements.**

InfoCision and NRA filed their corporate disclosure statements on March 15, 2017.

DATED this 13th day of June, 2017.

Respectfully submitted,

/s/ Patrick H. Peluso

**Tousley Brain Stephens PLLC**

Kim D. Stephens
Chase Christian Alvord
1700 7th Avenue, Suite 2200
Seattle, WA 98101-4416
Tel: (206) 667-0249
Fax: (206) 682-2992
kstephens@tousley.com
calvord@tousley.com

**Law Offices of Stefan Coleman, P.S.**

Stefan Coleman
Adam T. Savett
201 S. Biscayne Blvd., 28th Floor
Miami, FL 33131
Tel: (877) 333-9427
Fax: (888) 498-8946
law@stefancoleman.com
adam@stefancoleman.com

**Woodrow & Peluso, LLC**

Steven L. Woodrow
Patrick H. Peluso
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Tel: (720) 213-0675
Fax: (303) 927-0809
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com

*Attorneys for Plaintiff Katharyn Kalmbach*

/s/ Curt Roy Hineline

**BAKER & HOSTETLER LLP**

Curt Roy Hineline, WSBA #16317
James R. Morrison, WSBA #43043
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Tel: (206) 332-1380
Fax: (206) 624-7317
E-mail: chineline@bakerlaw.com
          jmorrison@bakerlaw.com

Terry M. Brennan (admitted *pro hac vice*)
Michael D. Meuti (admitted *pro hac vice*)
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: (216) 621-0200
Fax: (216) 696-0740
E-mail: tbrennan@bakerlaw.com
          mmeuti@bakerlaw.com

*Attorneys for Defendants National Rifle Association of America and InfoCision, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2017, I served copies of the foregoing papers on all counsel of record by filing such papers with the Court using the Court's electronic filing system.

*s/ Patrick H. Peluso*