THE HONORABLE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHARYN KALMBACH, individually and on behalf of all others similarly situated,

                Plaintiff,

      v.

NATIONAL RIFLE ASSOCIATION OF AMERICA, a New York Corporation, and INFOCISION, INC. d/b/a InfoCision Management Corporation, a Delaware Corporation,

                Defendants.

Case No. 2:17-cv-00399-JPD

**DEFENDANT INFOCISION, INC.'S ANSWER TO COMPLAINT**

Defendant InfoCision, Inc. ("InfoCision"), for its answer to plaintiff Katharyn Kalmbach's Complaint, states as follows:

## I.    NATURE OF THE ACTION

1. InfoCision admits the allegations in paragraph 1 of Kalmbach's Complaint.

2. InfoCision admits the allegations in paragraph 2 of Kalmbach's Complaint.

3. InfoCision denies the allegations in paragraph 3 of Kalmbach's Complaint.

4. InfoCision denies the allegations in paragraph 4 of Kalmbach's Complaint.

5. In response to paragraph 5 of Kalmbach's Complaint, InfoCision admits that Kalmbach asserts claims under the WDNC, WADAD, WCPA, and for common-law invasion of

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

privacy; denies that Kalmbach's claims have merit; and denies the remaining allegations in paragraph 5.

6.      In response to paragraph 6 of Kalmbach's Complaint, InfoCision admits that Kalmbach seeks the relief identified in that paragraph; denies that she is entitled to such relief or any other relief; and denies the remaining allegations in paragraph 6.

## II.      JURISDICTION AND VENUE

7.      In response to paragraph 7 of Kalmbach's Complaint, InfoCision states that paragraph 7 contains a legal conclusion to which no response is required.  To the extent a response is required, InfoCision admits that the Western District of Washington has jurisdiction over this action.

8.      In response to paragraph 8 of Kalmbach's Complaint, InfoCision states that paragraph 8 contains a legal conclusion to which no response is required.  To the extent a response is required, InfoCision admits that the U.S. District Court for the Western District of Washington has jurisdiction over InfoCision; and denies the remaining allegations in paragraph 8.

9.      In response to paragraph 9 of Kalmbach's Complaint, InfoCision states that paragraph 9 contains a legal conclusion to which no response is required.  To the extent a response is required, InfoCision admits that the Western District of Washington is an appropriate venue for this action.

10.      InfoCision admits the allegations in paragraph 10 of Kalmbach's Complaint with respect to Kalmbach only.  InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 10, and therefore denies them.

## III.      PARTIES

11.      InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of Kalmbach's Complaint, and therefore denies them.

INFOCISION ANSWER                    -2-

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

12.     In response to paragraph 12 of Kalmbach's Complaint, InfoCision admits that NRA is a New York nonprofit corporation headquartered at 11250 Waples Mill Road, Fairfax, Virginia 22030, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12, and therefore denies them.

13.     InfoCision admits that paragraph 13 of Kalmbach's Complaint correctly identifies InfoCision's state of incorporation, its headquarters, and its registered agent.  InfoCision also admits that it is registered to conduct fundraising in Washington and that it does so by placing phone calls that are received in Washington, including in King County.

### IV.     SERVICE ON ATTORNEY GENERAL

14.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of Kalmbach's Complaint, and therefore denies them.

### V.     THE WASHINGTON AUTOMATIC DIALING AND ANNOUNCING DEVICE STATUTE (WADAD), RCW 80.36.400

15.     In response to paragraph 15 of Kalmbach's Complaint, InfoCision: admits that R.C.W. 80.36.400 was enacted in 1986; states that the remaining allegations in paragraph 15 contain legal conclusions to which no response is required; and states that R.C.W. 80.36.400 speaks for itself.  To the extent a response is required, InfoCision admits the remaining allegations in paragraph 15.

16.     In response to paragraph 16 of Kalmbach's Complaint, InfoCision states that paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, InfoCision admits the allegations in paragraph 16.

17.     In response to paragraph 17 of Kalmbach's Complaint, InfoCision states that paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required, InfoCision admits the allegations in paragraph 17.

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

## VI.     THE WASHINGTON DO NOT CALL ("WDNC") STATUTE, RCW 80.36.390

18.     In response to paragraph 18 of Kalmbach's Complaint, InfoCision admits that R.C.W. 80.36.390 was enacted in the same year as R.C.W. 80.36.400, and states that the remaining allegations in paragraph 18 contain legal conclusions to which no response is required. InfoCision further states that Kalmbach's WDNC claim has been dismissed, and therefore denies the allegations in paragraph 18.

19.     In response to paragraph 19 of Kalmbach's Complaint, InfoCision states that paragraph 19 contains legal conclusions to which no response is required.  InfoCision further states that Kalmbach's WDNC claim has been dismissed, and therefore denies the allegations in paragraph 19.

20.     In response to paragraph 20 of Kalmbach's Complaint, InfoCision states that paragraph 20 contains legal conclusions to which no response is required.  InfoCision further states that Kalmbach's WDNC claim has been dismissed, and therefore denies the allegations in paragraph 20.

21.     In response to paragraph 21 of Kalmbach's Complaint, InfoCision states that paragraph 21 contains legal conclusions to which no response is required.  InfoCision further states that Kalmbach's WDNC claim has been dismissed, and therefore denies the allegations in paragraph 21.

## VII.     FACTUAL ALLEGATIONS

### A.     General Factual Allegations

22.     InfoCision admits that the NRA is a nonprofit membership organization under Internal Revenue Code § 501(c)(4) and focused on firearms education, training, and advocacy.

23.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of Kalmbach's Complaint, and therefore denies them.

INFOCISION ANSWER                         -4-

24.     In response to paragraph 24 of Kalmbach's Complaint, InfoCision admits that it placed calls on behalf of the NRA, but denies that the distinction drawn by paragraph 24 is material, and denies the remaining allegations in that paragraph.

25.     In response to paragraph 25 of Kalmbach's Complaint, InfoCision states that the document cited speaks for itself, and denies the remaining allegations in paragraph 25.

26.     InfoCision denies the allegations in paragraph 26 of Kalmbach's Complaint.

27.     In response to paragraph 27 of Kalmbach's Complaint, InfoCision admits that it makes certain autodialed calls; admits that it makes certain calls using prerecorded messages; and admits that it makes certain unsolicited calls.  Further answering, InfoCision denies that such calls are relevant to the claims at issue in Kalmbach's Complaint, and denies the remaining allegations in paragraph 27.

28.     In response to paragraph 28 of Kalmbach's Complaint, InfoCision admits that, pursuant to a contract with the NRA, InfoCision places calls to current, former, and prospective NRA members and donors for the purpose of recruiting NRA members and soliciting donations. InfoCision denies that those calls solicit people to purchase products or services.  InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 28, and therefore denies them.

29.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of Kalmbach's Complaint, and therefore denies them.

30.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of Kalmbach's Complaint, and therefore denies them.

31.     InfoCision admits that the calls at issue in this case were placed to recruit NRA members, but denies the remaining allegations in paragraph 31 of Kalmbach's Complaint.

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

32.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of Kalmbach's Complaint, and therefore denies them.

33.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of Kalmbach's Complaint, and therefore denies them.

34.     InfoCision denies the allegations in paragraph 34 of Kalmbach's Complaint.

35.     InfoCision denies the allegations in paragraph 35 of Kalmbach's Complaint.

36.     InfoCision denies the allegations in paragraph 36 of Kalmbach's Complaint.

37.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 of Kalmbach's Complaint, and therefore denies them.

38.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38 of Kalmbach's Complaint, and therefore denies them.

39.     In response to paragraph 39 of Kalmbach's Complaint, InfoCision admits that it placed certain calls to Washington using an ATDS.  InfoCision further states that whether it used an ATDS is irrelevant to Kalmbach's claims under the WADAD, WDNC, WCPA, and Washington common law.   InfoCision lacks knowledge or information sufficient to form a belief as to extent to which calls placed using an ATDS at "at issue" in Kalmbach's Complaint, and therefore denies that allegation.

40.     InfoCision denies the allegations in paragraph 40 of Kalmbach's Complaint.

41.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 of Kalmbach's Complaint, and therefore denies them.

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

42.     InfoCision admits that it placed calls to Plaintiff in July 2016, but denies that it makes calls as alleged in paragraph 42 of Kalmbach's Complaint, and therefore denies the remaining allegations in that paragraph.

43.     InfoCision denies the allegations in paragraph 43 of Kalmbach's Complaint.

44.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of Kalmbach's Complaint, and therefore denies them.

45.     InfoCision denies the allegations in paragraph 45 of Kalmbach's Complaint.

46.     InfoCision denies the allegations in paragraph 46 of Kalmbach's Complaint.

47.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of Kalmbach's Complaint, and therefore denies them.

48.     InfoCision denies the allegations in paragraph 48 of Kalmbach's Complaint.

49.     In response to paragraph 49 of Kalmbach's Complaint, InfoCision admits that Kalmbach asserts claims under the WDNC, WADAD, and WCPA; states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required as to that claim; denies that Kalmbach's claims have merit; and denies the remaining allegations in paragraph 49.

50.     In response to paragraph 50 of Kalmbach's Complaint, InfoCision admits that Kalmbach seeks to represent a putative class or classes; admits that Kalmbach seeks the relief identified in paragraph 50; denies that the putative classes exist or are capable of being certified; denies that Kalmbach is entitled to the relief requested in her Complaint or any other relief; and denies the remaining allegations in paragraph 50.

## VIII.    CLASS ACTION ALLEGATIONS

51.     In response to paragraph 51 of Kalmbach's Complaint, InfoCision admits that Kalmbach seeks to represent a putative class or classes; denies that the putative classes exist or are capable of being certified; and denies the remaining allegations in paragraph 51.

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

52.     In response to paragraph 52 of Kalmbach's Complaint, InfoCision admits that Kalmbach seeks to represent a putative class or classes; denies that the putative classes exist or are capable of being certified; and denies the remaining allegations in paragraph 52.

53.     In response to paragraph 53 of Kalmbach's Complaint, InfoCision admits that Kalmbach seeks to represent a putative class or classes; admits that, to the extent any class is certified, the individuals identified in paragraph 53 should be excluded from the definition of such class or classes; denies that the putative classes exist or are capable of being certified; and denies the remaining allegations in paragraph 53.

54.     InfoCision denies the allegations in paragraph 54 of Kalmbach's Complaint.

55.     InfoCision denies the allegations in paragraph 55 of Kalmbach's Complaint.

56.     InfoCision lacks knowledge or information sufficient to form a belief as to the truth or falsity of the the allegations in paragraph 56 of Kalmbach's Complaint, and therefore denies them.

57.     In response to paragraph 57 of Kalmbach's Complaint, InfoCision states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required, and denies the remaining allegations in paragraph 57, including all subparts.

58.     InfoCision denies the allegations in paragraph 58 of Kalmbach's Complaint.

**FIRST CLAIM FOR RELIEF**
**Washington Automatic Dialing and Announcing Device Statute**
**(Violations of RCW 80.36.400 et seq.)**
**(On Behalf of Plaintiff and the Washington State Pre-Recorded Call Class)**

59.     InfoCision restates and incorporates by reference all of the preceding responses as if fully stated here.

60.     InfoCision denies the allegations in paragraph 60 of Kalmbach's Complaint.

61.     In response to paragraph 61 of Kalmbach's Complaint, InfoCision admits that it placed telephone calls to phone numbers with Washington area codes; lacks knowledge or information sufficient to perform a belief as to whether such calls were received within the State of Washington; and denies the remaining allegations in paragraph 61.

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

62.     InfoCision denies the allegations in paragraph 62 of Kalmbach's Complaint.

63.     InfoCision denies the allegations in paragraph 63 of Kalmbach's Complaint.

**SECOND CLAIM FOR RELIEF**
**Washington Do Not Call Statute**
**(Violations of RCW 80.36.390 et seq.)**
**(On Behalf of Plaintiff and the Washington State Do Not Call Class)**

64.     InfoCision restates and incorporates by reference all of the preceding responses as if fully stated here.

65.     In response to paragraph 65 of Kalmbach's Complaint, InfoCision states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required.  To the extent a response is required, InfoCision denies the allegations in paragraph 65 of Kalmbach's Complaint.

66.     In response to paragraph 66 of Kalmbach's Complaint, InfoCision states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required.  To the extent a response is required, InfoCision denies the allegations in paragraph 66 of Kalmbach's Complaint.

67.     In response to paragraph 67 of Kalmbach's Complaint, InfoCision states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required.  To the extent a response is required, InfoCision denies the allegations in paragraph 67 of Kalmbach's Complaint.

68.     In response to paragraph 68 of Kalmbach's Complaint, InfoCision states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required.  To the extent a response is required, InfoCision denies the allegations in paragraph 68 of Kalmbach's Complaint.

INFOCISION ANSWER                    -9-

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

**THIRD CLAIM FOR RELIEF**
**Washington Consumer Protection Act**
**(Violation of RCW 19.86 et seq.)**
**(On Behalf of Plaintiff and the Washington State Pre-recorded Call Class)**

69.     InfoCision restates and incorporates by reference all of the preceding responses as if fully stated here.

70.     InfoCision denies the allegations in paragraph 70 of Kalmbach's Complaint.

71.     InfoCision denies the allegations in paragraph 71 of Kalmbach's Complaint.

72.     InfoCision denies the allegations in paragraph 72 of Kalmbach's Complaint.

73.     InfoCision denies the allegations in paragraph 73 of Kalmbach's Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Invasion of Privacy by Intrusion under Washington Law)**
**(On Behalf of Plaintiff and the Washington State Unsolicited Call Class)**

74.     InfoCision restates and incorporates by reference all of the preceding responses as if fully stated here.

75.     InfoCision denies the allegations in paragraph 75 of Kalmbach's Complaint.

76.     InfoCision denies the allegations in paragraph 76 of Kalmbach's Complaint.

**IX.     PRAYER FOR RELIEF**

77.     In response to paragraph 1 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

78.     In response to paragraph 2 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

79.     In response to paragraph 3 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

80.     In response to paragraph 4 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

81.     In response to paragraph 5 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

82.     In response to paragraph 6 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

83.     In response to paragraph 7 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

84.     In response to paragraph 8 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

85.     In response to paragraph 9 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

86.     In response to paragraph 10 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

87.     In response to paragraph 11 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

88.     In response to paragraph 12 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

89.     In response to paragraph 13 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

90.     In response to paragraph 14 of the Prayer for Relief in Kalmbach's Complaint, InfoCision denies that Kalmbach is entitled to the requested relief or any other relief.

## GENERAL DENIAL

91.     InfoCision denies each and every allegation in Kalmbach's Complaint not specifically admitted herein, including, but not limited to, Kalmbach's prayers for relief.  With respect to the unnumbered introductory paragraph on pages one and two of Kalmbach's Complaint, InfoCision states that the allegations therein do not comply with Fed. R. Civ. P. 10(b)'s requirement that claims be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and thus those allegations require no response.  To the extent a response is required, InfoCision denies those allegations.

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

**SEPARATE DEFENSES**

92.     Kalmbach's claims are barred because the Complaint fails to state a claim upon which relief can be granted.

93.     Kalmbach's claims are barred because she has not suffered any injury as a result of or traceable to the conduct alleged in the Complaint, and thus lacks standing.

94.     Kalmbach's claims are barred by the Dormant Commerce Clause of the United States Constitution.

95.     Kalmbach's claims are barred by the doctrine of consent.

96.     Kalmbach's claims are barred by the doctrine of assumption of risk.

97.     Kalmbach's claims are barred by the doctrines of waiver, estoppel, and/or laches.

98.     InfoCision reserves the right to assert additional defenses should it become necessary or appropriate.

WHEREFORE, InfoCision respectfully requests that the Court (1) dismiss Kalmbach's Complaint with prejudice; and (2) award InfoCision its full costs and fees, including attorneys' fees, incurred in defense of this matter.

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

1    DATED this 8th day of September, 2017.

2

3                                     Respectfully submitted,

                                      **BAKER & HOSTETLER LLP**

4

5                                       _s/Curt Roy Hineline_

                                      Curt Roy Hineline, WSBA #16317

6                                       James R. Morrison, WSBA #43043

                                      999 Third Avenue, Suite 3600

7                                       Seattle, WA  98104-4040

                                      Tel: (206) 332-1380

8                                       Fax: (206) 624-7317

                                      E-mail: chineline@bakerlaw.com

9                                                jmorrison@bakerlaw.com

10

11                                       Terry M. Brennan (admitted _pro hac vice_)

                                      Michael D. Meuti (admitted _pro hac vice_)

12                                       127 Public Square, Suite 2000

                                      Cleveland, OH 44114

13                                       Tel: (216) 621-0200

                                      Fax: (216) 696-0740

14                                       E-mail: tbrennan@bakerlaw.com

                                               mmeuti@bakerlaw.com

15

16                                       _**Attorneys for Defendants National Rifle**_

                                      _**Association of America and InfoCision, Inc.**_

17

18

19

20

21

22

23

24

25

26

27

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 8, 2017, a true and authentic copy of the foregoing Defendant InfoCision, Inc.'s Answer to Complaint was submitted to the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Kim D. Stephens | Steven L. Woodrow |
| Chase Christian Alvord | Patrick H. Peluso |
| Tousley Brain Stephens PLLC | Woodrow & Peluso, LLC |
| 1700 7th Avenue, Suite 2200 | 3900 E. Mexico Avenue, Suite 300 |
| Seattle, WA 98101-4416 | Denver, CO 80210 |
| Tel: (206) 667-0249 | Tel: (720) 213-0675 |
| Fax: (206) 682-2992 | Fax: (303) 927-0809 |
| kstephens@tousley.com | swoodrow@woodrowpeluso.com |
| calvord@tousley.com | ppeluso@woodrowpeluso.com |

Stefan Coleman
Adam T. Savett
Law Offices of Stefan Coleman, P.S.
201 S. Biscayne Blvd., 28th Floor
Miami, FL 33131
Tel: (877) 333-9427
Fax: (888) 498-8946
law@stefancoleman.com
adam@stefancoleman.com

***Attorneys for Plaintiff Katharyn Kalmbach***

*s/Serita Smith*
Serita Smith
Assistant to Curt Roy Hineline

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380