THE HONORABLE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHARYN KALMBACH, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

NATIONAL RIFLE ASSOCIATION OF
AMERICA, a New York Corporation, and
INFOCISION, INC. d/b/a InfoCision
Management Corporation, a Delaware
Corporation,

Defendants.

Case No. 2:17-cv-00399-JPD

**DEFENDANT NATIONAL RIFLE
ASSOCIATION OF AMERICA'S
ANSWER TO COMPLAINT**

Defendant National Rifle Association of America ("NRA"), for its answer to plaintiff Katharyn Kalmbach's Complaint, states as follows:

## I.    NATURE OF THE ACTION

1.    NRA admits the allegations in paragraph 1 of Kalmbach's Complaint.

2.    NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of Kalmbach's Complaint, and therefore denies them.

3.    NRA denies the allegations in paragraph 3 of Kalmbach's Complaint.

4.    NRA denies the allegations in paragraph 4 of Kalmbach's Complaint.

DEFENDANT NATIONAL RIFLE
ASSOCIATION OF AMERICA'S ANSWER

-1-

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

5.     In response to paragraph 5 of Kalmbach's Complaint, NRA admits that Kalmbach asserts claims under the WDNC, WADAD, WCPA, and for common-law invasion of privacy; denies that Kalmbach's claims have merit; and denies the remaining allegations in paragraph 5.

6.     In response to paragraph 6 of Kalmbach's Complaint, NRA admits that Kalmbach seeks the relief identified in that paragraph; denies that she is entitled to such relief or any other relief; and denies the remaining allegations in paragraph 6.

## II.     JURISDICTION AND VENUE

7.     In response to paragraph 7 of Kalmbach's Complaint, NRA states that paragraph 7 contains a legal conclusion to which no response is required.  To the extent a response is required, NRA admits that the Western District of Washington has jurisdiction over this action.

8.     In response to paragraph 8 of Kalmbach's Complaint, NRA states that paragraph 8 contains a legal conclusion to which no response is required.  To the extent a response is required, NRA admits that the U.S. District Court for the Western District of Washington has jurisdiction over NRA; and denies the remaining allegations in paragraph 8.

9.     In response to paragraph 9 of Kalmbach's Complaint, NRA states that paragraph 9 contains a legal conclusion to which no response is required.  To the extent a response is required, NRA admits that the Western District of Washington is an appropriate venue for this action.

10.     NRA admits the allegations in paragraph 10 of Kalmbach's Complaint with respect to Kalmbach only.  NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 10, and therefore denies them.

## III.     PARTIES

11.     NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of Kalmbach's Complaint, and therefore denies them.

12.     NRA admits that paragraph 13 of Kalmbach's Complaint correctly identifies NRA's state of incorporation, its headquarters, and its registered agent.  NRA also admits that it is registered with the Washington Secretary of State under Unified Business Identifier number

DEFENDANT NATIONAL RIFLE                -2-
ASSOCIATION OF AMERICA'S ANSWER

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

601441332, and that it conducts advocacy and training, recruits members, and solicits donations in Washington, including in King County, and within the United States.

13.    NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of Kalmbach's Complaint, and therefore denies them.

## IV.    SERVICE ON ATTORNEY GENERAL

14.    NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of Kalmbach's Complaint, and therefore denies them.

## V.    THE WASHINGTON AUTOMATIC DIALING AND ANNOUNCING DEVICE STATUTE (WADAD), RCW 80.36.400

15.    In response to paragraph 15 of Kalmbach's Complaint, NRA: admits that R.C.W. 80.36.400 was enacted in 1986; states that the remaining allegations in paragraph 15 contain legal conclusions to which no response is required; and states that R.C.W. 80.36.400 speaks for itself.  To the extent a response is required, NRA admits the remaining allegations in paragraph 15.

16.    In response to paragraph 16 of Kalmbach's Complaint, NRA states that paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, NRA admits the allegations in paragraph 16.

17.    In response to paragraph 17 of Kalmbach's Complaint, NRA states that paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required, NRA admits the allegations in paragraph 17.

## VI.    THE WASHINGTON DO NOT CALL ("WDNC") STATUTE, RCW 80.36.390

18.    In response to paragraph 18 of Kalmbach's Complaint, NRA admits that R.C.W. 80.36.390 was enacted in the same year as R.C.W. 80.36.400, and states that the remaining allegations in paragraph 18 contain legal conclusions to which no response is required.  NRA further states that Kalmbach's WDNC claim has been dismissed, and therefore denies the allegations in paragraph 18.

DEFENDANT NATIONAL RIFLE                    -3-
ASSOCIATION OF AMERICA'S ANSWER

19.     In response to paragraph 19 of Kalmbach's Complaint, NRA states that paragraph 19 contains legal conclusions to which no response is required.  NRA further states that Kalmbach's WDNC claim has been dismissed, and therefore denies the allegations in paragraph 19.

20.     In response to paragraph 20 of Kalmbach's Complaint, NRA states that paragraph 20 contains legal conclusions to which no response is required.  NRA further states that Kalmbach's WDNC claim has been dismissed, and therefore denies the allegations in paragraph 20.

21.     In response to paragraph 21 of Kalmbach's Complaint, NRA states that paragraph 21 contains legal conclusions to which no response is required.  NRA further states that Kalmbach's WDNC claim has been dismissed, and therefore denies the allegations in paragraph 21.

## VII.    FACTUAL ALLEGATIONS

### A.    General Factual Allegations

22.     In response to paragraph 22 of Kalmbach's Complaint, NRA admits it is a nonprofit membership organization under Internal Revenue Code § 501(c)(4) and focused on firearms education, training, and advocacy.

23.     In response to paragraph 23 of Kalmbach's Complaint, NRA admits that its sister organization, the NRA Foundation, it is a nonprofit organization under Internal Revenue Code § 501(c)(3) organized under the laws of the District of Columbia.

24.     In response to paragraph 24 of Kalmbach's Complaint, NRA admits that InfoCision placed calls on behalf of the NRA, but denies that the distinction drawn by paragraph 24 is material, and denies the remaining allegations in that paragraph.

25.     In response to paragraph 25 of Kalmbach's Complaint, NRA states that the document cited speaks for itself, and denies the remaining allegations in paragraph 25.

26.     NRA denies the allegations in paragraph 26 of Kalmbach's Complaint.

27.     NRA denies the allegations in paragraph 27 of Kalmbach's Complaint.

DEFENDANT NATIONAL RIFLE
ASSOCIATION OF AMERICA'S ANSWER

-4-

28.     In response to paragraph 28 of Kalmbach's Complaint, NRA admits that, pursuant to a contract with the InfoCision, InfoCision places calls to current, former, and prospective NRA members and donors for the purpose of recruiting NRA members and soliciting donations. NRA denies that those calls solicit people to purchase products or services.   NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 28, and therefore denies them.

29.     In response to paragraph 29 of Kalmbach's Complaint, NRA admits that the screenshot contained therein accurately represents the content of a prior iteration of NRA's website; states that the website at the link provided in paragraph 29 speaks for itself; and denies the remaining allegations in paragraph 29.

30.     In response to paragraph 30 of Kalmbach's Complaint, NRA admits that it receives funds from dues-paying memberships, contributions, and gifts, among other sources of funding.

31.     NRA admits that the calls at issue in this case were placed to recruit NRA members, but denies the remaining allegations in paragraph 31 of Kalmbach's Complaint.

32.     In response to paragraph 32 of Kalmbach's Complaint, NRA admits that the screenshot contained therein accurately represents the content of a prior iteration of NRA's website; states that the website at the link provided in paragraph 32 speaks for itself; and denies the remaining allegations in paragraph 32.

33.     In response to paragraph 33 of Kalmbach's Complaint, NRA admits that the membership benefits listed therein accurately represent the benefits made available to NRA members at certain times prior to the date of this Answer; states that the website at the link provided in paragraph 33 speaks for itself; and denies the remaining allegations in paragraph 33.

34.     NRA denies the allegations in paragraph 34 of Kalmbach's Complaint.

35.     NRA denies the allegations in paragraph 35 of Kalmbach's Complaint.

36.     NRA denies the allegations in paragraph 36 of Kalmbach's Complaint.

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

37.     In response to paragraph 37 of Kalmbach's Complaint, NRA admits that the screenshot contained therein accurately represents the content of a prior iteration of NRA's website; admits the website at the link provided in paragraph 37 states as follows: "Contributions, gifts or membership dues made or paid to the National Rifle Association of America are not refundable or transferable and are not deductible as charitable contributions for Federal income tax purposes"; states that the website speaks for itself; and denies the remaining allegations in paragraph 37.

38.     NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38 of Kalmbach's Complaint, and therefore denies them.

39.     NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 of Kalmbach's Complaint, and therefore denies them.

40.     NRA denies the allegations in paragraph 40 of Kalmbach's Complaint.

41.     NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 of Kalmbach's Complaint, and therefore denies them.

42.     NRA admits that InfoCision placed calls to Plaintiff in July 2016, but denies that it makes calls as alleged in paragraph 42 of Kalmbach's Complaint, and therefore denies the remaining allegations in that paragraph.

43.     NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of Kalmbach's Complaint, and therefore denies them.

44.     In response to paragraph 44 of Kalmbach's Complaint, NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of Kalmbach's allegation that her "attempts to reach a live agent were unsuccessful through the calls she was receiving," and therefore denies that allegation.  NRA denies the remaining allegations in paragraph 44.

45.     NRA denies the allegations in paragraph 45 of Kalmbach's Complaint.

46.     NRA denies the allegations in paragraph 46 of Kalmbach's Complaint.

47.     NRA admits the allegations in paragraph 47 of Kalmbach's Complaint.

48.     NRA denies the allegations in paragraph 48 of Kalmbach's Complaint.

-6-

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

49.     In response to paragraph 49 of Kalmbach's Complaint, NRA admits that Kalmbach asserts claims under the WDNC, WADAD, and WCPA; states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required as to that claim; denies that Kalmbach's claims have merit; and denies the remaining allegations in paragraph 49.

50.     In response to paragraph 50 of Kalmbach's Complaint, NRA admits that Kalmbach seeks to represent a putative class or classes; admits that Kalmbach seeks the relief identified in paragraph 50; denies that the putative classes exist or are capable of being certified; denies that Kalmbach is entitled to the relief requested in her Complaint or any other relief; and denies the remaining allegations in paragraph 50.

## VIII.     CLASS ACTION ALLEGATIONS

51.     In response to paragraph 51 of Kalmbach's Complaint, NRA admits that Kalmbach seeks to represent a putative class or classes; denies that the putative classes exist or are capable of being certified; and denies the remaining allegations in paragraph 51.

52.     In response to paragraph 52 of Kalmbach's Complaint, NRA admits that Kalmbach seeks to represent a putative class or classes; denies that the putative classes exist or are capable of being certified; and denies the remaining allegations in paragraph 52.

53.     In response to paragraph 53 of Kalmbach's Complaint, NRA admits that Kalmbach seeks to represent a putative class or classes; admits that, to the extent any class is certified, the individuals identified in paragraph 53 should be excluded from the definition of such class or classes; denies that the putative classes exist or are capable of being certified; and denies the remaining allegations in paragraph 53.

54.     NRA denies the allegations in paragraph 54 of Kalmbach's Complaint.

55.     NRA denies the allegations in paragraph 55 of Kalmbach's Complaint.

56.     NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 of Kalmbach's Complaint, and therefore denies them.

DEFENDANT NATIONAL RIFLE
ASSOCIATION OF AMERICA'S ANSWER

-7-

57.     In response to paragraph 57 of Kalmbach's Complaint, NRA states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required, and denies the remaining allegations in paragraph 57, including all subparts.

58.     NRA denies the allegations in paragraph 58 of Kalmbach's Complaint.

**FIRST CLAIM FOR RELIEF**
**Washington Automatic Dialing and Announcing Device Statute**
**(Violations of RCW 80.36.400 et seq.)**
**(On Behalf of Plaintiff and the Washington State Pre-Recorded Call Class)**

59.     NRA restates and incorporates by reference all of the preceding responses as if fully stated here.

60.     NRA denies the allegations in paragraph 60 of Kalmbach's Complaint.

61.     In response to paragraph 61 of Kalmbach's Complaint, NRA admits that InfoCision placed telephone calls to phone numbers with Washington area codes; lacks knowledge or information sufficient to perform a belief as to whether such calls were received within the State of Washington; and denies the remaining allegations in paragraph 61.

62.     NRA denies the allegations in paragraph 62 of Kalmbach's Complaint.

63.     NRA denies the allegations in paragraph 63 of Kalmbach's Complaint.

**SECOND CLAIM FOR RELIEF**
**Washington Do Not Call Statute**
**(Violations of RCW 80.36.390 et seq.)**
**(On Behalf of Plaintiff and the Washington State Do Not Call Class)**

64.     NRA restates and incorporates by reference all of the preceding responses as if fully stated here.

65.     In response to paragraph 65 of Kalmbach's Complaint, NRA states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required.  To the extent a response is required, NRA denies the allegations in paragraph 65 of Kalmbach's Complaint.

DEFENDANT NATIONAL RIFLE                    -8-
ASSOCIATION OF AMERICA'S ANSWER

66.     In response to paragraph 66 of Kalmbach's Complaint, NRA states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required.  To the extent a response is required, NRA denies the allegations in paragraph 66 of Kalmbach's Complaint.

67.     In response to paragraph 67 of Kalmbach's Complaint, NRA states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required.  To the extent a response is required, NRA denies the allegations in paragraph 67 of Kalmbach's Complaint.

68.     In response to paragraph 68 of Kalmbach's Complaint, NRA states that Kalmbach's WDNC claim has been dismissed, and therefore no response is required.  To the extent a response is required, NRA denies the allegations in paragraph 68 of Kalmbach's Complaint.

### THIRD CLAIM FOR RELIEF
### Washington Consumer Protection Act
### (Violation of RCW 19.86 et seq.)
### (On Behalf of Plaintiff and the Washington State Pre-recorded Call Class)

69.     NRA restates and incorporates by reference all of the preceding responses as if fully stated here.

70.     NRA denies the allegations in paragraph 70 of Kalmbach's Complaint.

71.     NRA denies the allegations in paragraph 71 of Kalmbach's Complaint.

72.     NRA denies the allegations in paragraph 72 of Kalmbach's Complaint.

73.     NRA denies the allegations in paragraph 73 of Kalmbach's Complaint.

### FOURTH CLAIM FOR RELIEF

### (Invasion of Privacy by Intrusion under Washington Law)
### (On Behalf of Plaintiff and the Washington State Unsolicited Call Class)

74.     NRA restates and incorporates by reference all of the preceding responses as if fully stated here.

75.     NRA denies the allegations in paragraph 75 of Kalmbach's Complaint.

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

76.     NRA denies the allegations in paragraph 76 of Kalmbach's Complaint.

## IX.     PRAYER FOR RELIEF

77.     In response to paragraph 1 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

78.     In response to paragraph 2 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

79.     In response to paragraph 3 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

80.     In response to paragraph 4 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

81.     In response to paragraph 5 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

82.     In response to paragraph 6 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

83.     In response to paragraph 7 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

84.     In response to paragraph 8 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

85.     In response to paragraph 9 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

86.     In response to paragraph 10 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

87.     In response to paragraph 11 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

88.     In response to paragraph 12 of the Prayer for Relief in Kalmbach's Complaint, NRA denies that Kalmbach is entitled to the requested relief or any other relief.

DEFENDANT NATIONAL RIFLE              -10-
ASSOCIATION OF AMERICA'S ANSWER

1   89.    In response to paragraph 13 of the Prayer for Relief in Kalmbach's Complaint,

2   NRA denies that Kalmbach is entitled to the requested relief or any other relief.

3   90.    In response to paragraph 14 of the Prayer for Relief in Kalmbach's Complaint,

4   NRA denies that Kalmbach is entitled to the requested relief or any other relief.

5                                **GENERAL DENIAL**

6   91.    NRA denies each and every allegation in Kalmbach's Complaint not specifically

7   admitted herein, including, but not limited to, Kalmbach's prayers for relief.  With respect to the

8   unnumbered introductory paragraph on pages one and two of Kalmbach's Complaint, NRA

9   states that the allegations therein do not comply with Fed. R. Civ. P. 10(b)'s requirement that

10  claims be stated "in numbered paragraphs, each limited as far as practicable to a single set of

11  circumstances," and thus those allegations require no response.   To the extent a response is

12  required, NRA denies those allegations.

13                              **SEPARATE DEFENSES**

14  1.    Kalmbach's claims are barred because the Complaint fails to state a claim upon

15  which relief can be granted.

16  2.    Kalmbach's claims are barred because she has not suffered any injury as a result

17  of or traceable to the conduct alleged in the Complaint, and thus lacks standing.

18  3.    Kalmbach's claims are barred by the Dormant Commerce Clause of the United

19  States Constitution.

20  4.    Kalmbach's claims are barred by the doctrine of consent.

21  5.    Kalmbach's claims are barred by the doctrine of assumption of risk.

22  6.    Kalmbach's claims are barred by the doctrines of waiver, estoppel, and/or laches.

23  7.    NRA reserves the right to assert additional defenses should it become necessary

24  or appropriate.

25  WHEREFORE, NRA respectfully requests that the Court (1) dismiss Kalmbach's

26  Complaint with prejudice; and (2) award NRA its full costs and fees, including attorneys' fees,

27  incurred in defense of this matter.

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

DATED this 8th day of September, 2017.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*s/Curt Roy Hineline*
Curt Roy Hineline, WSBA #16317
James R. Morrison, WSBA #43043
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Tel: (206) 332-1380
Fax: (206) 624-7317
E-mail: chineline@bakerlaw.com
           jmorrison@bakerlaw.com

Terry M. Brennan (admitted *pro hac vice*)
Michael D. Meuti (admitted *pro hac vice*)
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: (216) 621-0200
Fax: (216) 696-0740
E-mail: tbrennan@bakerlaw.com
           mmeuti@bakerlaw.com

***Attorneys for Defendants National Rifle
Association of America and InfoCision, Inc.***

DEFENDANT NATIONAL RIFLE                    -12-
ASSOCIATION OF AMERICA'S ANSWER

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 8, 2017, a true and authentic copy of the foregoing Defendant National Association of America's Answer to Complaint was submitted to the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Kim D. Stephens | Steven L. Woodrow |
| Chase Christian Alvord | Patrick H. Peluso |
| Tousley Brain Stephens PLLC | Woodrow & Peluso, LLC |
| 1700 7th Avenue, Suite 2200 | 3900 E. Mexico Avenue, Suite 300 |
| Seattle, WA 98101-4416 | Denver, CO 80210 |
| Tel: (206) 667-0249 | Tel: (720) 213-0675 |
| Fax: (206) 682-2992 | Fax: (303) 927-0809 |
| kstephens@tousley.com | swoodrow@woodrowpeluso.com |
| calvord@tousley.com | ppeluso@woodrowpeluso.com |

Stefan Coleman
Adam T. Savett
Law Offices of Stefan Coleman, P.S.
201 S. Biscayne Blvd., 28th Floor
Miami, FL 33131
Tel: (877) 333-9427
Fax: (888) 498-8946
law@stefancoleman.com
adam@stefancoleman.com

***Attorneys for Plaintiff Katharyn Kalmbach***

*s/Serita Smith*
Serita Smith
Assistant to Curt Roy Hineline

DEFENDANT NATIONAL RIFLE
ASSOCIATION OF AMERICA'S ANSWER

-13-