UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHARYN KALMBACH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA, a New York corporation, and INFOCISION, INC., a Delaware corporation,<br><br>Defendants. | Case No. C17-399-RSM<br><br>ORDER DECLINING TO ENTER STIPULATION AND PROPOSED ORDER |

This matter comes before the Court on the parties' "Stipulated Motion Regarding the Accuracy of Defendant InfoCision Inc.'s Phone Records." Dkt. #46. In this stipulation, the parties agree and jointly stipulate that InfoCision, Inc.'s phone records (the "Phone Records") "accurately reflect the dates, times, duration, and content of all calls placed by InfoCision to Katharyn Kalmbach." *Id.* at 1. The parties further agree and jointly stipulate "that Katharyn Kalmbach is barred from introducing any evidence at any deposition, hearing, or trial—or in any brief or other written filing—in this matter to contradict the dates, times, duration, or content of the calls placed by InfoCision to Katharyn Kalmbach as reflected in the Phone

ORDER DECLINING TO ENTER STIPULATION AND PROPOSED ORDER - 1

Records." *Id*. at 1–2. The parties also stipulate to bar Ms. Kalmbach from introducing any other evidence in a similar fashion "to suggest that any other calls were placed by InfoCision to Katharyn Kalmbach that are not included in the Phone Records." *Id*. at 2. The parties ask the Court to enter a proposed order that "orders" that "[t]he Phone Records accurately reflect the dates, times, duration, and content of all calls placed by InfoCision to Katharyn Kalmbach," and bars Ms. Kalmbach from presenting the above evidence. Dkt. #46-1. The proposed order contemplates that the Court would "retain jurisdiction to interpret and enforce the terms." *Id*. The parties attach no exhibits or declarations. They do not further explain the reason for this stipulation.

This is a highly unusual stipulation and proposed order. The Court will not enter an order stating that "Phone Records" are accurate, given where we are at this stage in the proceedings, and given that no phone records or other evidence have been set before the Court. The parties are free to agree to such a fact between themselves and without Court Order. Furthermore, the Court declines at this time to bar a party from introducing evidence "at any deposition, hearing, or trial—or in any brief or written filing." The parties have set forth no explanation for why such an order is necessary, and no legal basis for the Court to enter such an order. The parties are free to agree to this in principle, or to seek such relief at a later time via a motion in limine or other procedurally proper motion.

Given all of the above, the Court DECLINES to enter the parties' Stipulation, Dkt. #46.

DATED this 20th day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DECLINING TO ENTER STIPULATION AND PROPOSED ORDER - 2