UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHARYN KALMBACH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA, a New York corporation, and INFOCISION, INC., a Delaware corporation,<br><br>Defendants. | Case No. C17-399-RSM<br><br>ORDER DENYING DEFENDANTS' MOTION TO COMPEL |

This matter comes before the Court on Defendants InfoCision, Inc., and National Rifle Association of America ("NRA")'s Motion to Compel. Dkt. #47. Defendants move to compel responses to their Requests for Production ("RFPs") Nos. 20, 21, 23, and 25–29 from Plaintiff Katharyn Kalmbach. These RFPs "seek documents concerning Kalmbach's service as executor, the lawsuit filed against her, her bankruptcy, [a company called] WellsDelta, and [her business] Kathryn's Kreations." *Id.* at 3. Defendants assert that, during her deposition, Ms. Kalmbach revealed that she was sued for fraud related to her administration of an estate, and that this suit claimed she had "looted over $500,000 from the estate" and "used a company

ORDER DENYING DEFENDANTS' MOTION TO COMPEL - 1

called WellsDelta to wrongfully take real property from the estate." *Id.* at 2. Defendants assert that Ms. Kalmbach's bankruptcy filings reveal she owned a business called Kathryn's Kreations through at least March 2013, but that she had previously testified that she had not owned a business since 2000. *Id.* at 3. Defendants argue these issues bear on Ms. Kalmbach's fitness to represent a class. *Id.*

Ms. Kalmbach responded to each of these RFPs with the following: "Objection, this request is vague, overbroad and beyond the scope of discoverable evidence set forth in FRCP 26(b)(1), as the Request seeks irrelevant information in no way related to the claims and allegations at issue in this case. This request also seeks documents that are disproportionate to the needs of the case." Dkt. #47-2 at 105. For RFP No. 23, seeking documents "relating to your legally changing your first name from Claudia to Katharyn," Ms. Kalmbach also notes "[f]urthermore, this request seeks discovery of documents that are public records and are available to Defendants." *Id.* at 106. For RFP No. 25 through 29, Ms. Kalmbach also notes that Defendants are seeking "information already in the Defendant's custody and control and that are public records." *Id.* at 107–08. For one RFP at issue, Ms. Kalmbach objects based on the attorney client privilege. *Id.* at 108. Defendants argue that Ms. Kalmbach's objections are boilerplate and run afoul of Rule 26(b)(1) and Rule 34(b)(2). Dkt. #47 at 5 (citing *Athwal v. Nijjer*, Case No. C17-00740RSL, 2018 WL 1156233, at *7 (W.D. Wash. Mar. 5, 2018); *Anderson v. Pac. Crane Maint. Co., L.P.*, Case No. 3:16-cv-05825-RJB, 2017 WL 3534576, at *2 (W.D. Wash. Aug. 17, 2017) (quoting Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015)).

In Response to this Motion, Ms. Kalmbach argues that these discovery requests concerning "Ms. Kalmbach's administration of an estate of a deceased relative from 2003-

ORDER DENYING DEFENDANTS' MOTION TO COMPEL - 2

2009…. appear to be made solely to harass Kalmbach and to force her to re-hash irrelevant events that happened over a decade ago." Dkt. #49 at 2. She reminds the Court that this case is about a putative class action and Ms. Kalmbach's fitness to represent a class of Washingtonians who allegedly received unsolicited and prerecorded calls in violation of several Washington statutes. Ms. Kalmbach contends that "none of the various allegations with which Defendants seek to tar Plaintiff has any bearing whatsoever on her ability to adequately represent other consumers in Washington State who received the NRA's unwanted calls," and that "Plaintiff will not be charged with handling any monies on behalf of the Class, nor does Rule 23(a)(4) contain an implicit requirement that the proposed class representative have a spotless record of service." *Id.* at 3–4. Ms. Kalmbach cites to several cases for the proposition that the inquiry into the fitness of the class representative should be limited to identifying "conflicts of interest with other class members" and vigorousness of potential representation, and that inquiries that veer into "[c]haracter attacks" are less well received. *Id*. at 4 – 5 citing, *inter alia*, *Torres v. Air to Ground Servs., Inc.*, 300 F.R.D. 386, 401 (C.D. Cal. 2014) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682 (N.D. Cal. 1986)). Because Defendants have argued that these RFPs address allegations of fraud or improper handling of an estate, Ms. Kalmbach admits that "[p]rior criminal convictions can show dishonesty and can be a basis to bar an individual from acting as a class representative." *Id.* at 5 (citing *Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2015 WL 3945052, at *12 (N.D. Cal. June 26, 2015)). However, Ms. Kalmbach cites to several cases for the proposition that "'[f]or an assault on the class representative's credibility to succeed, the party mounting the assault must demonstrate that there exists admissible evidence so severely undermining plaintiff's credibility that a fact finder might reasonably focus on

ORDER DENYING DEFENDANTS' MOTION TO COMPEL - 3

plaintiff's credibility,' thereby adversely impacting the claims of absent class members." *Id.* at 6 (citing *Larson*, 2015 WL 3945052 at *13 (explaining that "[n]either Larson's misdemeanor conviction, nor any other admissible evidence on record regarding his credibility, comes close to reaching that level.")). Ms. Kalmbach argues that none of the requested discovery, related to issues upon which Defendants already have deposed Ms. Kalmbach, can be relevant to the question of a conflict of interest with other class members. *Id*. Ms. Kalmbach argues that the discovery at issue seeks information that "has no bearing on whether Kalmbach can represent a class in a case about unwanted phone calls and simply doesn't come close to 'so severely undermining plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility,' in a way that adversely impacts absent class members." *Id*. at 7. Finally, Ms. Kalmbach contends that Defendants already have enough information on these topics, sufficient to have already filed a Motion opposing certification, and therefore these RFPs are disproportionate to the needs of the case. *Id*. at 8.

Defendants did not file a reply brief.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

ORDER DENYING DEFENDANTS' MOTION TO COMPEL - 4

As an initial matter, the Court notes that Defendants already moved to deny class certification on February 2, 2018, based on Ms. Kalmbach's fitness. Dkt. #37. This Motion is still pending. It is unclear to the Court how Defendants can argue that the requested discovery, related to her fitness, is proportional to the needs of this case given that Defendants felt they already had enough information to move for relief based on her fitness. This question, raised in the Response brief, is left unanswered by Defendants.

Turning to relevancy, the Court finds that Ms. Kalmbach has met her burden to show why the discovery requests should be denied. *See Blankenship, supra*. Although the fitness of a class representative is a relevant topic of discovery, the cases cited by Ms. Kalmbach indicate that there is a limit. The key questions for fitness are conflicts of interest with other class members and vigorousness of potential representation. *Torres, supra.* Ms. Kalmbach has adequately demonstrated that the discovery requests at issue cannot lead to relevant information as to these questions. The fact that she settled a lawsuit with accusation of fraud ten years ago has little bearing on her fitness in this case with these issues.

The Court further finds that Ms. Kalmbach's objections, although thin on details initially, were supplemented by further information by her counsel. *See* Dkt. #49-1 at 2 ("We simply don't believe that the topics of these requests have anything to do with the case—which is about the pre-recorded calls Kalmbach and others received from the NRA. Her administration of an estate has nothing to do with her ability to adequately representing [sic] a class, notwithstanding your clients' repeated attempts to target and harass her."). In any event, the Court believes Defendants already knew the bases for these objections given the deposition and prior briefing before the Court.

Considering all of the above, the Court finds that the requested discovery seeks irrelevant information not proportional to the needs of the case under Rule 26(b)(1). Accordingly, and after having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Compel, Dkt. #47, is DENIED.

DATED this 29 day of May, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE